**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------- x
**RAMON ESPINAL,**

        **Plaintiff,**

        -against-

**UNITED STATES OF AMERICA,**

        **Defendants.**
------------------------------------------------------- x

**OPINION AND ORDER**
**06-CV-2470 (NG)**

**GERSHON, United States District Judge:**

Plaintiff Ramon Espinal brings this action under Rule 41(e) of the Federal Rules of Criminal Procedure for return of property seized by the Drug Enforcement Agency ("DEA") at the time of his arrest on narcotics-related charges. Defendant moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, Fed. R. Civ. P. 56. Plaintiff has filed no opposition. Because the court lacks subject matter jurisdiction, defendant's motion to dismiss is granted.

## BACKGROUND

The following facts are uncontested.

On May 18, 1998, DEA agents arrested plaintiff and seized $1750 used in connection with a narcotics-related offense.[1] On July 6, 1998, the DEA sent, via certified mail, notice of seizure to plaintiff's home and then-address of incarceration. The notice advised plaintiff that procedures to administratively forfeit the seized property had begun, that he could petition the DEA for return of the property and/or contest the forfeiture in a United States District Court, and that, if he challenged the forfeiture in court, he must file a claim of ownership and a cost bond with the DEA within 20

---

[1] The docket sheet for plaintiff's 1998 conviction indicates he was incarcerated from May 19, 1998, the day after his arrest, until he posted bond on July 14, 1998.

days of the first date of publication of notice. Both certified letters were returned undeliverable.

Defendant then sent notice to the attorney representing plaintiff in his then-pending criminal proceeding. On July 13, 1998, receipt of notice was acknowledged by an employee at the attorney's office. The DEA published notice for three successive weeks in *USA Today* beginning July 15, 1998. Each publication indicated the last date to file a claim of ownership was August 4, 1998.

On September 9, 1999, plaintiff was remanded to custody.[2] However, on September 18, 1998, the DEA sent plaintiff a certified letter at a new address (the "Elm Street Address") indicating that plaintiff would be allowed an additional 20 days to respond to the notice. Receipt of this letter was acknowledged on behalf of plaintiff by an individual present at the address.

On October 29, 1998, the DEA administratively forfeited the $1750 under 19 U.S.C. § 1609 because no claim of ownership had been filed.

**The Instant Action**

On April 18, 2006, plaintiff filed the instant complaint, alleging he "was never notified of any forfeiture action by the government and was never given any receipt by the Officers that removed the personal property of Petitioner." Therefore, he claims, the government must return the seized property. Defendant's answer, in addition to denying the allegations, identifies two defenses: lack of subject matter jurisdiction because the forfeiture was administrative, and expiration of the appropriate statute of limitations. In his "reply" to the answer, plaintiff acknowledges that, were there a proper administrative forfeiture, this court would lack jurisdiction. He argues, however, that the administrative forfeiture was procedurally deficient and that the statute of limitations was tolled.

Defendant moved to dismiss on April 17, 2007, on the same grounds identified in its answer.

---

[2] This court sentenced Espinal to 121 months of imprisonment on May 9, 2000.

Responding to Espinal's pleadings, defendant asserts that Espinal was not denied due process, nor was the administrative forfeiture otherwise procedurally deficient. Despite the court's warning that failure to respond would result in the defendant's motion being considered unopposed, see docket entry #19, Espinal has not filed an opposition.

**DISCUSSION**

**I.      Standard of Review**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). On a motion to dismiss for lack of subject matter jurisdiction, matters outside the pleadings may be considered without converting the motion to one for summary judgment. *Id*. A plaintiff asserting jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id*.

**II.     Subject Matter Jurisdiction**

Where criminal proceedings are no longer pending against a defendant, a Rule 41(e) motion is treated as a claim for civil equitable relief. See *United States v. Giovanelli*, 998 F.2d 116, 118-19 (2d Cir. 1993).

Generally, a federal court "lacks jurisdiction to review the merits of administrative forfeiture decisions." *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 480 (2d Cir. 1992). "[A]n exception to this . . . rule lies if the property is taken accidentally, fraudulently, or improperly." *Weng v. United States*, 137 F.3d 709, 713 (2d Cir. 1998), abrogated on other grounds by *Dusenbery v. United States*, 534 U.S. 161 (2002). In other words, "if an administrative forfeiture is procedurally deficient, the court has jurisdiction to correct the deficiency." *Id*.

3

### III. The Forfeiture Process

At the time of Espinal's arrest, 21 U.S.C. § 881 authorized the United States to administratively forfeit property valued at $500,000 or less, including proceeds of narcotics transactions.[3] *Boero v. DEA*, 111 F.3d 301, 304 (2d Cir. 1997); 19 U.S.C. § 1607 (1996); 21 U.S.C. 881(d) (1996). Administrative forfeiture was properly commenced by publication of notice of seizure and intent to forfeit property. 19 U.S.C. § 1607 (1996); see generally, *Powell v. DEA*, 1999 U.S. Dist. LEXIS 3282, *2-4 (S.D.N.Y. March 23, 1999) (discussing administrative forfeiture system). The DEA was also required to mail notice of seizure to the property owner. *Boero*, 111 F.3d at 304; 19 U.S.C. § 1607 (1996). A claimant who has received notice could judicially contest the forfeiture by filing a claim and cost bond or a petition to proceed in forma pauperis within twenty days of the first publication of the notice. 19 U.S.C. § 1608 (1996). If no such claim were received, the property could be administratively forfeited to the United States. 19 U.S.C. § 1609(b) (1996).

### IV. Administrative Forfeiture Of Plaintiff's Property Was Not Procedurally Deficient

Espinal argues that the administrative forfeiture was procedurally deficient because the DEA failed to notify him of the forfeiture, thereby denying him due process. Defendant asserts there was no deficiency because it provided adequate notice. Defendant is correct.

Due process does not require the property owner to receive actual notice of the forfeiture. See *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988). Rather, due process requires that "notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of

---

[3] The court does not address whether or how the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 28 U.S.C. § 2461(c), altered provisions in place at the time of plaintiff's administrative forfeiture.

4

the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Sending notice to an attorney who represents a defendant "in his then-pending related criminal proceedings" may satisfy due process. *Bye v. United States*, 105 F.3d 856, 857 (2d Cir. 1997) ("the notice sent to Bye's attorney was reasonably calculated, in the circumstances, to apprise Bye of the pendency of the administrative forfeiture proceeding and to afford him an opportunity to present his objections.").

Due process was satisfied when defendant sent notice to the attorney representing Espinal "in his then-pending related criminal proceedings." *Id*. Having failed to effect notice by letters sent to Espinal's home and then-address of incarceration, the DEA sent notice to the attorney representing Espinal in his then-pending criminal proceeding, receipt of which was acknowledged by an office employee on July 13, 1998. Under the circumstances, sending notice to Espinal's attorney was reasonably calculated to apprise him of the forfeiture proceeding.[4] The DEA also published notice of the pending forfeiture for three successive weeks in *USA Today* beginning July 15, 1998, as required by 19 U.S.C. § 1607.

In sum, because defendant provided notice reasonably calculated to apprise Espinal of the forfeiture proceeding, the forfeiture was not procedurally deficient. Thus, the court lacks subject matter jurisdiction to review the merits of the administrative forfeiture of plaintiff's property.

Because the court dismisses for lack of subject matter jurisdiction, it need not reach whether the alleged expiration of the applicable statute of limitations may provide grounds for dismissal. *Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

---

[4] The docket sheet for plaintiff's 1998 conviction indicates he was represented by the same attorney from May 19, 1998, until at least September 13, 1999.

## CONCLUSION

Defendant's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is granted. The Clerk of Court is directed to close this case.

**SO ORDERED.**

   */S/ Nina Gershon*
**NINA GERSHON**
**United States District Judge**

Dated: December 17, 2007
      Brooklyn, New York